**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**
             **4:99cr23-RH
4:03cv9-RH/WCS**

**NGHIA LE,**

  **Defendant.**

            /

## ORDER DENYING CORRECTED MOTION TO AMEND

Defendant, represented by counsel, previously submitted a pro se letter asking the court to authorize counsel to assist him in filing an amended 28 U.S.C. § 2255 motion.  Doc. 157.  Defendant sought to raise a claim under United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (January 12, 2005).  *See also* Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

In response to Defendant's pro se motion, the court noted that counsel "may file any motion proper to these § 2255 proceedings on Defendant's behalf," but to the extent that Defendant wished to raise a claim under Booker, he was not entitled to do so because Blakely and Booker do not apply retroactively on collateral review.  Doc. 155, p. 2, *citing* Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005) (finding

"essentially dispositive" the opinion in Schriro v. Summerlin, 542 U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), that Ring announced a new rule of procedure which did not apply retroactively on collateral review) (other citations omitted); *also citing* McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (which held that Apprendi did not apply retroactively on collateral review).[1]

Through counsel, Defendant has now submitted a motion for leave to amend and corrected motion for leave to amend the § 2255 motion. Docs. 162 and 163. The former supercedes the latter, which is therefore denied as moot below. Defendant asserts that he did not have the opportunity to outline the nature of his claim in the pro se motion. Doc. 163. In the proposed supplement and supporting memorandum, Defendant asserts that Varela and cases out of other circuits were wrongly decided. Doc. 163, attachment, p. 3.

Defendant asserts that Booker is a watershed rule which should apply retroactively under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *Id.* Defendant argues that, contrary to Varela, Schriro is not dispositive because it involved only the fact finder, and not the burden of proof aspect of Apprendi. *Id.*, pp. 3-4, *citing* United States v. Kelley, 355 F.Supp.2d 1031, 1039 (D. Neb. 2005).[2]

---

[1] Booker was pending on direct review, and there is no indication in the opinion that it should apply retroactively. The Court said "we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on *direct* review." 125 S.Ct. at 769 (emphasis added, citations omitted). *See also* In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting that the Supreme Court has not made Booker retroactive on collateral review).

[2] Defendant quotes a footnote, which provides in part that "[a]lthough a misallocation of factfinding responsibility (judge versus jury) does not warrant retroactive application, [under Schriro], the same cannot be said for the retroactivity of application of a preponderance of evidence standard as opposed to a reasonable doubt standard. .

*Id.* It is correct that burden of proof requirement was not at issue in Schriro, because aggravating factors there had to be proven to a judge beyond a reasonable doubt. 124 S.Ct. at 2522, n. 1. *See also*, Hughes v. State, __ So.2d __, 2005 WL 977019, at *10-*15 (Fla. April 28, 2005) (J. Pariente, dissenting) (noting that Apprendi involved the identity of the decision maker as a function of the right to jury trial, and the burden of proof governed by due process; finding the beyond a reasonable doubt requirement of Apprendi should apply retroactively).[3]

As acknowledged by Defendant, this court is bound by Eleventh Circuit precedent. Doc. 163, attachment, p. 5. The Eleventh Circuit has consistently found that Apprendi and extensions thereof do not apply retroactively on collateral review. McCoy, 266 F.3d at 1256-58; In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (Booker, like Blakely and Ring, was based on an extension of Apprendi, and defendant could not show the Court had made it retroactive); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Defendant is not entitled to amend to claim reliance on a case which does not apply retroactively to him. Additionally, this claim is untimely under the one year limitations period of § 2255, which is commenced anew for a new right only "if that right has been newly recognized by the Supreme Court and made retroactively applicable to

---

. . Application of a lower standard of proof may be an error that significantly affects factfinding accuracy and undermines society's confidence in the result." 355 F.Supp.2d 1039, n. 9 (citations omitted).

[3] Whether a new rule applies retroactively on collateral review in Florida is governed by the less restrictive standard of Witt v. State, 387 So.2d 922 (Fla. 1980). *Id.*, at *8 and n. 8 (majority opinion, comparing Witt and Teague, but "we should not blind ourselves to how other courts interpret *Apprendi*. We consider it relevant, though not dispositive that no court anywhere in the country, whether state or federal, has held *Apprendi* to apply retroactively.") (collecting cases, including McCoy). *See also Id.*, at *16-*21 (J. Anstead, dissenting) (comparing the Teague and Witt analyses).

cases on collateral review." § 2255; see also " Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002) (discussing relation back of untimely § 2255 amendments).

The motion to amend is therefore denied, though the issue is preserved in the event of an appeal.  To that end, in the unlikely event there is any evidence outside the record which is relevant to this claim, it may be submitted at the hearing.

Accordingly, it is **ORDERED**:

1.  Defendant's motion for leave to amend (doc. 162) is **DENIED AS MOOT.**

2.  Defendant's corrected motion for leave to amend (doc. 163) is **DENIED**.

**DONE AND ORDERED** on May 16, 2005.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

4:99cr23-RH and 4:03cv9-RH/WCS