# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                                        CASE NO.  4:99cr23-RH/WCS
                                                                           4:03cv9-RH/WCS
NGHIA LE,

      Defendant.

_____/

## ORDER DENYING §2255 MOTION

This matter is before the court on the magistrate judge's report and recommendation (document 189), the earlier order incorporated by reference into the report and recommendation (document 167), and the objections to the report and recommendation (document 193).  I have reviewed *de novo* the issues raised by the objections.  The report and recommendation is correct and will be adopted as the opinion of the court, with this additional note.

Agents of the Federal Bureau of Investigation arranged for an informant to have access to defendant while in pretrial detention.  As set forth in the report and recommendation, there were legitimate purposes for seeking information from defendant unrelated to the charges in the case at bar.  But the informant also intruded into the attorney-client relationship between defendant and his attorney in

this case, both eliciting information regarding this case and encouraging defendant

to plead guilty.  Agents learned of but did nothing to end or remedy this rather

clear violation of defendant's sixth amendment rights.  The issue, however, is not

whether defendant's rights were violated (they were), but what should be done

about it.

The Supreme Court has made clear that the indictment need not be dismissed

as a result of government misconduct of this type.  *See United States v. Morrison*,

449 U.S. 361, 101 S. Ct. 665, 66 L. Ed. 2d 564 (1981).  Instead, what must be done

is simply to "neutralize the taint by tailoring relief appropriate in the circumstances

to assure the defendant the effective assistance of counsel and a fair trial."  449

U.S. at 365.

The report and recommendation correctly concludes that defendant received

a full and fair trial untainted by the violations.  It would serve no purpose to order a

retrial, because the retrial would be the same as the trial that just occurred.

Defendant is not entitled to relief from the conviction and sentence that were

imposed following full and fair proceedings unaffected by the violations at issue.

For these reasons,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the opinion

of the court.  Defendant's motion (document 127) for relief under 28 U.S.C. §2255

is DENIED with prejudice.  The clerk shall enter judgment and close the file.

SO ORDERED this 10th day of October, 2005.

s/Robert L. Hinkle
Chief United States District Judge